IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DARE ) | |
|       **Plaintiff** ) | |
| ) | |
| v. ) | C.A. No. 06-115 Erie |
| ) | |
| ) | **District Judge McLaughlin** |
| UNITED STATES OF AMERICA, et al., ) | **Magistrate Judge Baxter** |
|       **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss, or alternatively, for summary judgment [Document # 13] be granted.

It is further recommended that the retaliation claim be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) due to Plaintiff's failure to state a claim.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 19] be denied as futile.

**II.    REPORT**

    **A.    Procedural History**

On May 17, 2006, Plaintiff, formerly a federal inmate[1] incarcerated at FCI-McKean in Bradford, Pennsylvania, filed the instant action. Named as Defendants are: the United States of America; James Sherman, former Warden; Deanna Tronetti, Unit Manager; Robert Fair, Case

---

[1] At the time of the filing of this lawsuit, Plaintiff was incarcerated, but he has since been released.

1

Manager, all currently or formerly of FCI-McKean; and Steven Brunson, Analyst at U.S. Parole Commission.

This is a combined <u>Bivens</u>/FTCA action based on Plaintiff's allegation that he was confined in prison more than twenty months past his parole eligibility date. In his original complaint, Plaintiff alleges that staff at both FCI-McKean and the U.S. Parole Commission provided inaccurate information regarding his past criminal history (relating to a 1973 juvenile conviction for Carnal Knowledge) in an attempt to deny him parole. Plaintiff claims that through their actions Defendants violated his First, Fifth, and Eighth Amendment rights under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Further, Plaintiff alleges that the U.S. should be held liable for the gross negligence of its employees under the Federal Tort Claims Act. Finally, Plaintiff alleges that Defendants knew the information to be false and provided it in retaliation for exercising his constitutional rights. Document # 3, ¶ 37. As relief for these alleged wrongs, Plaintiff seeks monetary compensation.

Defendants have filed a motion to dismiss or in the alternative for summary judgment [Document # 13] and Plaintiff has filed a brief in opposition [Document # 17]. Plaintiff has also filed a motion to amend the complaint [Document # 19]. These issues are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521(1972), <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's

unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3. Failure to state a claim under the PLRA

The Prison Litigation Reform Act provides that:

3

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

   The PLRA also amended the statutory  provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[2].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

---

[2] Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

The court's obligation to dismiss a complaint under the PLRA is not excused even after the defendants have filed a motion to dismiss if it appears that the complaint fails to state a claim based upon grounds not raised by the defendants in their motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Palay v. United States, 125 F.Supp.2d 855, 860 (N.D. Ill. 2000).

    **4.**    **Motion for summary judgment pursuant to Fed.R.Civ.P. 56**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990), quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

### C. The *Bivens* Claim

Defendants argue that Plaintiff's *Bivens* claim should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny.

In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action

6

for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.  The Court recently summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, ___ U.S. ___, 126 S.Ct. 2096 (2006); Muhammad v. Close, 540 U.S. 749 (2004).[3]

So then, the law is well established that a claimant cannot use a civil rights action as a vehicle to circumvent the validity of his underlying conviction or the duration of his sentence. Thus, in order to recover damages, a *Bivens* plaintiff must prove that the conviction has been reversed or declared invalid by a disciplinary appeal.  See Banks v. Hayward, 2007 WL 120045, at * 6 n.7  (W.D. Pa. January 10, 2007), citing Avery v. Nichol, 2000 WL 282903, at *2 (6th Cir. 2000).   Plaintiff can make no such showing here.

In the instant complaint, Plaintiff alleges violations of his constitutional rights arising out of the denial of his parole eligibility.[4]  Not only has Plaintiff not proven that the duration of his

---

[3] The federal courts consistently apply Heck in *Bivens*-type actions.  See Banks v. Hayward, 2007 WL 470472 (3d Cir. February 13, 2007) (applying Heck favorable termination rule in *Bivens* action);  Williams v. Hill, 74 F.3d 1339, 1340 (D.C.Cir.1996) (per curiam) (applying Heck to damages actions against federal officials in actions brought under *Bivens*); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir.1995); Messer v. Kelly, 129 F.3d 1259 (Table) (4th Cir. 1997); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994); Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998) ("While Heck concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the Heck holding applies equally to an action brought under *Bivens*."); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997); Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996); Reed v. Smith, 182 F.3d 933 (Table) (10th Cir 1999); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995).

[4] Plaintiff's parole history is long and procedurally convoluted and need not necessarily be related herein.

7

sentence has been reversed or declared invalid, but the term of his incarceration has been specifically upheld by this very Court, as well as the United States Court of Appeals for the Third Circuit. By Order dated May 3, 2006, United States District Judge Sean J. McLaughlin denied the petition for writ of habeas corpus following a Report and Recommendation issued by this Magistrate Judge.[5] See Dare v. United States Parole Commission, Civil Action Number 05-257E. Plaintiff appealed that determination to the Third Circuit, which upheld this district court's determination on January 9, 2007.[6]

Here, a finding by this Court that Defendants violated Plaintiff's constitutional rights would "necessarily imply the invalidity" of the sentence, a sentence which has been upheld by this Court and the Third Circuit. Accordingly, Plaintiff's constitutional claim is precluded by Heck and the motion to dismiss should be granted as to this claim.

### D.     The FTCA Claim

#### 1.     The Favorable Termination Requirement of Heck

The FTCA claim should also be dismissed pursuant to the favorable termination requirement of Heck. The United States Court of Appeals for the Third Circuit has not specifically applied the Heck rule in the FTCA context. However, many other Circuit Courts of Appeal, as well as district courts, have applied Heck to FTCA actions, and this Court finds their reasoning persuasive. See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) ("[W]e conclude the same common law principles that informed the Supreme Court's decision in Heck should inform the decision of whether an action under the FTCA is cognizable when it calls into

---

[5]   One of the claims raised in the petition was summarized by this Court as "that he is being denied release due to the [U.S. Parole] Commission's improper use of a 1973 conviction under the District of Columbia's Youth Corrections Act to deny Dare access to a Community Treatment Program. Indeed, his status as a prior sex offender is premised upon this conviction, and that status does limit his ability to locate a suitable post-incarceration placement."

[6]   The Third Circuit granted the government's motion for summary affirmance "because it clearly appear[ed] that no substantial question is presented by this appeal."

8

question the validity of a prior conviction. We conclude the FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); Rashid v. Monteverde & Hemphill, 1997 WL 360922, at * 7 n. 15 (E.D. Pa. 1997) (applying Heck to FTCA claims involving false arrest, false imprisonment and malicious prosecution); Hinton v. United States, 91 Fed. Appx., 2004 WL 540473 (6th Cir. 2003) (in applying Heck, the appellate court held "here, plaintiff seeks return of the documents for which he stands convicted of forging or counterfeiting, and money damages for the allegedly tortious confiscation of the documents. ... plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction."); Bradshaw v. Jayaraman, 205 F.3d 1339 (Table) 1999 WL 1206870, at *2 (6th Cir. 1999) (in an FTCA action alleging legal malpractice by appointed criminal defense attorney, two law firm employees and court reporter, the appellate court held "a plaintiff may not bring such a suit for monetary damages under federal law until his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ o habeas corpus. The holding in Heck bars such actions, whether brought under *Bivens*, or the FTCA."); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 1994) (an FTCA claim "for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody."); Watkins v. Holt, 2006 WL 2331090, at *2 (D.D.C. 2006) (in an FTCA action alleging negligence by Bureau of Prisons employees in miscalculating a prison sentence, the district court applied Heck holding that "absent a showing that plaintiff's conviction or sentence is invalid, he cannot recover damages under the FTCA."); Echols v. Dwyer, 914 F.Supp. 325, 327 (E.D. Mo. 1996) (in an FTCA action alleging legal malpractice by a federal public defender the district court applied Heck ruling "that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction").

     Although this Court is not willing to apply Heck to every FTCA case, its applicability to the facts as alleged here is particularly relevant. The duration of Plaintiff's sentence has been

9

upheld by Third Circuit, the precise determination he now challenges in this FTCA action. By bringing a tort claim against the United States, Plaintiff is asking this Court to necessarily determine the validity of his allegedly increased sentence. Such an FTCA action in this regard "is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." Parris, 45 F.3d at 385.

Accordingly, the FTCA claim should be dismissed.

### E.     The Retaliation Claim

Finally, Plaintiff alleges that Defendants retaliated against him by providing inaccurate information following his exercise of some unspecified constitutional right. Inexplicably, Defendants have not moved to dismiss this claim. However, as Plaintiff has failed to state a claim for relief, this Court recommends the dismissal of this action pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).[7] See also Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("An otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment rights.").

---

[6] The Third Circuit has directed that district courts should look carefully at allegations of retaliation. "Because of many prisoners' propensity to wield retaliation claims when confronted with disciplinary actions, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." Sims v. Dragovich, 1999 WL 37621 (E.D.Pa. 1999), affirmed, 43 Fed.Appx. 523, 2002 WL 1800793 (3d Cir. 2002).

10

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must demonstrate all three of the following factors:

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action"[8] at the hands of prison officials; **and**
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (emphasis added), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[9]

In his complaint, Plaintiff has not specifically identified any constitutionally protected conduct. This Court has thoroughly examined and liberally construed all of Plaintiff's filings in this case and cannot pinpoint any constitutionally protected conduct in which Plaintiff was engaged. As Plaintiff has not even alleged the first prong of a *prima facie* case of retaliation, this claim should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

### E. Futility of Amendment

Plaintiff has filed a motion to amend his complaint seeking to update this Court on happenings since his last filing, as well as provide exhibits in support of his claims.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given

---

[8] To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225.

[9] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

11

when justice so requires." Fed.R.Civ.P. 15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

Nothing in the proposed amendments overcomes the bar of Heck v. Humphrey. Accordingly, the motion to amend should be denied as futile.

### III. CONCLUSION

It is respectfully recommended that that the motion to dismiss, or alternatively, for summary judgment [Document # 13] be granted.

It is further recommended that the retaliation claim be dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) due to Plaintiff's failure to state a claim.

It is further recommended that Plaintiff's motion to amend the complaint [Document # 19] be denied as futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

                <u>S/ Susan Paradise Baxter</u>
                SUSAN PARADISE BAXTER
                Chief United States Magistrate Judge

Dated: May 31, 2007